UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NAKIA PETTUS,

           Plaintiff,

-vs-                                                  Case No. 6:05-cv-1892-Orl-19JGG

UNITED STATES OF AMERICA, DRUG
ENFORCEMENT ADMINISTRATION,
LENORA MORRIS (DEA AGENT), AND
SUSAN C. HOLIMAN (DEA ADMIN.
ATTY.),

           Defendants.

---

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | December 22, 2005 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** under 28 U.S.C. § 1915(e)(2)(B)(i)(frivolousness). Further **RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** as frivolous. ||

    Nakia Pettus moves to proceed *in forma pauperis* on his complaint against the United States of America, the Drug Enforcement Administration ("DEA"), Lenora Morris (DEA Agent) and Susan C. Holiman (DEA Administrative Attorney) (collectively "Defendants"). This action is Pettus's

second law suit for damages and injunctive relief related to the DEA's forfeiture of money more than six years ago. For the reasons set forth below, the Court concludes that Pettus cannot maintain his law suit and the Court recommends denial of the motion and dismissal of the law suit.

## I.  THE LAW

### A.  The Statute and Local Rules

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language applies to all proceedings *in forma pauperis*. The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[2] Also, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under 28 U.S.C. § 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B.   Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### C.   Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(i)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must determine

---

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639 (11th Cir. 1990). A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639; *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990). To do otherwise — i.e., to allow for *sua sponte* dismissal of in forma pauperis cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence. *See Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990). If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim. *Phillips*, 746 F.2d at 785.

    1.    Frivolous Legal Theories

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329; *Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[4] *Clark*, 915 F.2d at 639-40; *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D. Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke*, 490 U.S. at 326 - 29 (Rule 12 (b)(6) and former section 1915 (d) serve distinctive goals). It is an abuse of discretion, however, to conclude that an *in forma pauperis* case is frivolous — realistically has no better than a slight chance of success — because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact. A complaint which states a claim for the purposes of Rule 12 (b)(6) — that is, one clearly having a basis in law — may still be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts. *Clark*, 915 F.2d at 639.

Even if the complaint legally states a claim, and the facts are not fantastic, a district court may nevertheless dismiss on grounds of frivolousness. For example, a §1915 dismissal is appropriate if an affirmative defense would defeat the action. *Clark*, 915 F.2d at 640. Also, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See Clark*, 915 F.2d at 640; *Fuller v. Ga. State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against

---

[4]The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Alabama Public Service Commission*, 936 F.2d 512, 515 (11th Cir. 1991).

judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981); *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part*, 745 F.2d 1221 (9th Cir. 1984). *Res judicata* and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous. See *Patterson*, 628 F. Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied*, 493 U.S. 969 (1989). The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. *See Franklin*, 563 F. Supp. at 1330, 1332. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

### 2. Collateral Estoppel or Issue Preclusion

Res judicata and collateral estoppel are separate and distinct doctrines. Res judicata refers to claim preclusion, whereas collateral estoppel refers to issue preclusion. *Christo v. Padgett*, 223 F.3d 1324 (11th Cir. 2000); *see* 18 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D, § 4402 (1981). Res judicata attaches when the same cause of action is litigated between the same parties in consecutive cases. *Christo*, 223 F.3d at 1338 n.46. Under the rules of res judicata, when a plaintiff obtains a judgment, the effect of the judgment extends to the litigation of all issues relevant to the same claim between the same parties. *Id.*

Whether a litigant asserts the same cause of action in two proceedings depends on whether the "primary right and primary duty" are the same in both cases. *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998). *Res judicata* acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims that could have been asserted

based on the "same operative nucleus of fact." *Id. See also, Hart v. Yamaha-Parts Distrib., Inc.*, 787 F.2d 1468, 1470-71 (11th Cir. 1986) (claim preclusion cannot be avoided by asserting a different theory in the subsequent case when the two cases were based on the same motorcycle accident). The court, therefore, must examine the factual issues to be resolved in the second suit and compare them with the facts asserted in the first case. *Pleming*, 142 F.3d at 1357.

In determining what issues were determined in the first case, the complaint frames the scope of the litigation. *Id.* New claims acquired during the pendency of the first litigation are not determined unless the complaint is amended or the new claim is made part of the action through a pretrial order pursuant to Fed. R. Civ. P. 16(e). *Id.* at 1358. This is true even if the plaintiff uses the facts surrounding the subsequent claim in briefs supporting his claims in the first litigation. *Id.* at 1358-59.

Collateral estoppel or issue preclusion attaches when a subsequent litigation arises from a different cause of action. *Christo*, 223 F.3d at 1338. The prior judgment bars litigation only of those matters or issues common to both actions which were either expressly or by necessary implication adjudicated in the first. *Christo*, 223 F.3d at 1338 n.46. In order for collateral estoppel to apply, the following four elements must be satisfied: 1.) the issue at stake must be identical to the one involved in the prior litigation; 2.) that issue must have been actually litigated in the prior litigation; 3.) the determination of the issue in the prior litigation must have been necessary and essential to the judgment; and 4.) the party against whom collateral estoppel is asserted must have had a full and far opportunity to litigate the issue in the prior proceeding. *Pleming*, 142 F.3d at 1359; *Int'l Ass'n of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125 (5th Cir. 1975).

Collateral estoppel or issue preclusion applies to jurisdictional issues, as well as to other issues. *See N. Ga. Elec. Membership Corp. v. City of Calhoun*, 989 F.2d 429, 432 - 433 (11th Cir. 1993); *Baris v. Sulpicio Lines, Inc.*, 74 F.3d 567, 571 (5th Cir. 1996); *Ogala Sioux Tribe of the Pine Ridge Indian Reservation v. Homestake Mining Co.*, 722 F.2d 1407 (8th Cir. 1984). Collateral estoppel precludes a plaintiff from relitigating the same jurisdictional question after the first suit was dismissed for lack of federal jurisdiction – even though dismissal did not adjudicate the merits of the case. *See N. Ga. Elec. Membership Corp.*, 989 F.2d at 432 - 433; *Baris*, 74 F.3d at 571. In *North Georgia Electric Membership Corporation*, the Eleventh Circuit stated:

> Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims.

989 F.2d at 432 - 433 (quoting *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)); *see also Cutler v. Hayes*, 818 F.2d 879, 888 (D.C. Cir. 1987) (standing may not be relitigated); RESTATEMENT (SECOND) OF JUDGMENTS § 20, cmt. b illus. 1 (1982) (valid final judgment for lack of jurisdiction or improper venue does not bar relitigation of the claim, but does bar relitigation of the issues actually litigated). C. Wright, A. Miller, and E. Copper agree:

> Civil Rule 41 (b) provides that a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits. This provision means only that the dismissal permits a second action on the same claim that corrects the deficiency found in the first action. The judgment remains effective to preclude relitigation of the precise issue of jurisdiction or venue that led to the initial dismissal.

18 Wright, Miller, and Cooper, FEDERAL PRACTICE AND PROCEDURE, § 4436 at 338 - 39 (footnotes omitted).

## II. APPLICATION

On March 19, 2004, Pettus filed his first law suit against Orange County Deputy Sheriff Lance Carlson and the Orange County Sheriff's Office. United States District Court, Middle District of Florida, Case No. 6:04-cv-384-ACC-JGG ("Case 384"). Pettus amended his complaint on April 16, 2004, to add as defendants DEA Special Agent Lenora Morris and DEA Attorney Susan C. Holiman.

The underlying facts supporting Pettus's claims in Case 384 are the same as in the current action. In summary, Pettus alleges that on February 11, 1999, Carlson seized approximately $26,000 after stopping Pettus for a traffic violation. Although Pettus was released, the money was not returned. Pettus's attorney contacted the Orange County Sheriff's Office about returning the money. On March 1, 1999, the Orange County Sheriff's Office informed Pettus's attorney that it had turned the money over to the DEA and that the DEA was pursuing forfeiture of the money. Pettus claims that he was never served notice that the Orange County Sheriff's Office was turning the monies over to the DEA. He further claims that he never received notice of forfeiture from the DEA, and that the funds were illegally seized and his due process rights violated. Pettus's attorney filed a petition for remission and/or mitigation of forfeiture on June 9, 1999. On September 17, 1999, DEA Attorney Holiman responded to Pettus's attorney by stating that the petition was denied.[5]

In Case 384, the Honorable Anne C. Conway interpreted Plaintiff's allegations of various constitutional violations by the defendants as claims brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Case 384, Docket 10 at 2. The Court found that the statute of limitations began to run when the DEA informed

---

[5] The Court assumes that when Pettus states that the response "was being defined," he intended to say "was being denied." Docket No. 1 at ¶ 39.

Plaintiff's counsel on September 17, 1999, that the monies would not be returned. Case 384, Docket 10 at 4. The Court further ruled that a four-year statute of limitations applied to the claims and that Plaintiff's complaint filed on February 27, 2004, was untimely. *Id.* Judge Conway, therefore, dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id.* at 5. Plaintiff appealed Judge Conway's ruling and the appeal was dismissed as frivolous. Case 384, Docket 28. The United States Court of Appeals for the Eleventh Circuit found that Plaintiff's complaint was clearly barred by the statute of limitations. *Id.*

In this case, Plaintiff again sues Morris and Holiman for their actions related to the forfeiture of the money. Plaintiff adds as defendants the United States and the DEA.[6] The Complaint in this case alleges that Defendants' acts violated his constitutional rights, specifically his rights under the Fourth and Fifth Amendments of the United States Constitution. Complaint, ¶¶ 56, 57. The Complaint also asserts claims based on Defendants' lack of jurisdiction, lack of authority and violation of statutory notice provisions related to the forfeiture of the money. Complaint, ¶¶ 53-55.

**A.    Res Judicata of Claims Against Defendants Morris and Holiman**

In Case 384, Plaintiff alleged that his constitutional rights were violated by the procedurally deficient manner in which his money was forfeited. Defendants Morris and Holiman also were defendants in Case 384. Further, a judgment on the merits was entered in Case 384 when the Court analyzed the viability of Plaintiff's claims and dismissed the action. Plaintiff cannot relitigate those claims in this case.

---

[6] Plaintiff's First Cause of Action for "State Officers Illegal Seizure" appears to plead a claim against "officer Carlson and the Orlando Police Department," but they are not named as defendants in this action. The Fifth and Sixth Causes of Action also refer to Carlson and the Orlando Police Department.

-10-

Further, Plaintiff's addition of statutory and regulatory claims not previously pleaded does not prevent application of *res judicata*. *Res judicata* bars not only the legal theory presented in the previous litigation, but any additional legal theories and claims that arise from the same operative nucleus of fact. *Pleming*, 142 F.3d at 1357. The underlying facts here are the same as before, and Plaintiff cannot now raise new legal theories in pursuit of his claims against Morris and Holiman. For these reasons, Plaintiff's claims against Morris and Holiman are barred by *res judicata*.

B.   **Plaintiff's Claims Against the United States and the DEA are Time-Barred**

The United States and the DEA were not parties in Case 384 and, therefore, *res judicata* does not apply to the claims asserted in this case. Plaintiff, however, cannot state a claim against these defendants because his claims are time-barred.

Actions seeking to correct a procedurally deficient forfeiture are "subject to the general six-year statute of limitations for suits brought against the United States found in 28 U.S.C. § 2401." *Boero v. DEA*, 111 F.3d 301, 305 n.5 (2d Cir. 1997). Section 2401 provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action *first accrues*." 28 U.S.C. § 2401 (a) (emphasis added). The United States Court of Appeals for the Second Circuit has held that a claimant's cause of action *accrues* when he discovers that his property has been forfeited without sufficient notice. *Polanco v. DEA*, 158 F.3d 647, 654 (2d Cir. 1998).

Plaintiff was aware as of September 17, 1999, that the DEA refused to return his money. Thus, the statute of limitations began to run as to Plaintiff's other claims on this date. Plaintiff filed this

action on December 22, 2005, more than six years after the DEA refused to return his money. Therefore, the case was filed after the expiration of the statute of limitations and is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Motion to Proceed In Forma Pauperis be **DENIED**;

2. The Court find that Plaintiff's claims are frivolous and dismiss the case with prejudice;

3. Direct the Clerk of the Court to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 11, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett
Counsel of Record
Unrepresented Party
Courtroom Deputy