UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NAKIA PETTUS,

Plaintiff,

-vs-                                                            Case No.  6:05-cv-1892-Orl-19JGG

UNITED STATES OF AMERICA, DRUG
ENFORCEMENT ADMINISTRATION,
LENORA MORRIS (DEA AGENT), AND
SUSAN C. HOLIMAN (DEA ADMIN. ATTY.),

Defendants.
_____

## ORDER

This case comes before the Court on the following:

1.     The Report and Recommendation of the United States Magistrate Judge on Plaintiff

Nakia Pettus' Motion to Proceed in Forma Pauperis.  (Doc. No. 4, filed on January 11,

2006).

2.     Plaintiff Nakia Pettus' Opposition to the Report and Recommendation of the United

States Magistrate Judge.  (Doc. No. 8, filed on February 7, 2006).

## Background

On December 22, 2005, Nakia Pettus filed a complaint against the United States, the Drug

Enforcement Administration ("DEA"), Lenora Moris, a DEA agent, and Susan C. Holiman, a DEA

Attorney.  (Doc. No. 1).  The complaint alleges that on February 11, 1999, Officer Carlson seized

approximately $26,000 after stopping Pettus for a traffic violation.  (*Id*. at ¶1).  Although Pettus was

released, the funds were never returned.  (*Id.* at ¶¶ 29, 39).  When Pettus' counsel requested that the

funds be returned, the Orange County Sheriff's Office told his counsel that the money had been turned

over to the DEA and that the DEA was pursuing forfeiture.  (*Id.* at ¶¶36, 37).  Pettus alleges that he

was never served notice that the Orange County Sheriff's Office was turning over the funds to the

DEA, that he never received notice of the forfeiture from the DEA, that the funds were illegally seized,

and that his due process rights were violated.  (*Id.* at ¶¶ 40-49).  Pettus claims are for illegal seizure,

lack of jurisdiction, and violation of his due process rights.

On December 22, 2005, Pettus filed a Motion to Proceed *in forma pauperis*.  (Doc. No. 2).

On April 16, 2004, Pettus filed a complaint in the Middle District of Florida against Officer

Carlson, Lenora Morris, and Susan Holiman containing the same factual allegations as in the instant

complaint.  *See Pettus v. Officer Lance Carlson, et al.*, No. 6:04cv384 (M.D. Fla., April 16, 2004).  On

September 28, 2004, the trial court dismissed Pettus' complaint because it was frivolous, reasoning

that the four year statute of limitations applied to the claims and that the complaint was untimely.

*Pettus v. Officer Lance Carlson, et. al.,* No. 6:04cv384 (M.D. Fla, September 29, 2004).  Pettus

appealed the trial court's order, and the Eleventh Circuit dismissed the appeal on the grounds that it

was frivolous because the complaint was plainly barred by the statute of limitations.  *Pettus v. Officer*

*Lance Carlson, et. al.*, No. 04-15976-H (11th Cir., March 31, 2005).

In this case, Pettus again sues Morris and Holiman for their actions related to forfeiture and

adds the United States and DEA as defendants.

In his Report and Recommendation on Pettus' Motion to Proceed *in forma pauperis*, the

Magistrate Judge found that Pettus' claims against Defendants Morris and Holiman were barred by the

doctrine of res judicata and that his claims against the United States and DEA are time-barred by the

statute of limitations.  (Doc. No. 4, pp. 10-12).

On February 7, 2006, Pettus objected to the Magistrate Judge's Report and Recommendation, arguing that his suit is a request for review under the Administrative Procedures Act and is not a civil suit.  (Doc. No. 8, p.2).  Pettus claims that it is well established that a plaintiff is entitled to a judicial forum in reference to any administrative seizure and forfeiture of his property.  Pettus argues that the statute of limitations and res judicata are inapplicable to this case because the DEA acted in the absence of jurisdiction and jurisdictional questions can be resolved by this Court at any time.

This Order analyzes Pettus' Objection to the Magistrate Judge's Report and Recommendation.

## Standard of Review

District Courts are required to review a civil complaint filed *in forma pauperis* and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim.  *See* 28 U.S.C. § 1915.  Section 1915 provides that the Court shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[1]  28 U.S.C. § 1915(e)(2) (1996).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight.  *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).  Legal theories are frivolous when they are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 329 (1989).  Section 1915

---

[1] Section 1915(e)(2) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
(a) the allegation of poverty is untrue; or
(b) the action or appeal--
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2) (1996).

authorizes the dismissal of claims of infringement of a legal interest which do not clearly exist.  *See Neitzke*, 490 U.S. at 327.  A Section 1915 dismissal is also appropriate if an affirmative defense shown on the face of the complaint would defeat the action.  *Clark*, 915 F.2d at 640.

## Analysis

Pettus argues that because he is seeking review of Defendants' actions under the

Administrative

Procedures Act (APA), the Magistrate Judge erred in applying res judicata and the statute of limitations to the facts of the instant case.  Pettus claims that a request for review under the APA is not a civil action and thus is different from the earlier law suit dismissed by the trial court.

Assuming that Pettus is raising an entirely new cause of action based on the same set of underlying facts as the earlier case, the claim under the APA is barred by the doctrine of res judicata against Defendants Morris and Holiman.  Res judicata treats a judgment as the full measure of relief to be accorded between the same parties on the same claim or cause of action.  *See Kasper Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978) (internal citations omitted).  When a defendant obtains a judgment, the claim of the plaintiff merges into the judgment, and the plaintiff may not seek further relief on that claim against the same defendant.  *Id.*  Res judicata is intended to avoid multiple law suits on identical obligations between the same parties.  *Id.*  Under the rules of res judicata or claim preclusion, the "effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial."  *Id.*  (internal citations omitted).  An action is barred by prior litigation if: "(1) there is a final judgment on the merits; (2) the decision is rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."  *Ragsdale v.*

-4-

*Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

Applying these elements to the facts of the instant case, there is a final judgment on the merits by a court of competent decision based on the earlier decision of the trial court in the Middle District of Florida.  The lawsuits involve the same cause of action because the claim under the APA arises out of the same nucleus of operative facts as the allegations contained in the first complaint.  *Id.* at 1239. Pettus has filed the instant action against Morris and Holiman who were parties in the first suit and against the DEA and United States who were not parties in the first suit.  Because Morris and Holiman were parties in the first action and the claim under the APA arises out of the same set of operative facts as the first suit, the APA claim against Defendants Morris and Holiman is barred by the doctrine of res judicata.  The APA claim, however, is not barred against the United States and DEA on the basis of res judicata because they were not parties to the first action.

While the APA claim against the United States and DEA is not barred by res judicata, the claim is time-barred by the statute of limitations.  In the absence of a specific statutory limitations period, a civil action against the United States is subject to the six year limitations period found in 28 U.S.C. section 2401(a).  *Boero v. DEA*, 111 F.3d 301, 305 n.5 (2d Cir. 1997) (explaining that actions seeking to correct a procedurally deficient forfeiture are "subject to the general six-year statute of limitations for suits brought against the United States found in 28 U.S.C. § 2401").  Section 2401(a) provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action *first accrues*."  28 U.S.C. § 2401(a) (emphasis added).  A claimant's cause of action accrues when he discovers that his property has been forfeited without sufficient notice.  *Polanco v. DEA*, 158 F.3d 647, 654 (2d Cir. 1998).

Pettus was aware on September 17, 1999, that the DEA refused to return his money.  (Doc. No.

1, ¶ 39).  Because the statute of limitations began to run on September 17, 1999, and Plaintiff filed his

action on December 22, 2005 which is more than six years after the DEA refused to return his money,

the APA claim against the United States and the DEA is time barred.

<u>**Conclusion**</u>

Based on the foregoing, the Court **AFFIRMS** and **ADOPTS** the Report and Recommendation

of the United States Magistrate Judge (Doc. No. 4) and **OVERRULES** Plaintiff Nakia Pettus'

Objection to the Report and Recommendation (Doc. No. 8).

    **DONE** and **ORDERED** in Chambers in Orlando, Florida on March __6____, 2006.

_____

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record