UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NAKIA PETTUS,

                    Plaintiff,

-vs-                                                    Case No.  6:05-cv-1892-Orl-19JGG

UNITED STATES OF AMERICA, DRUG
ENFORCEMENT ADMINISTRATION,
LENORA MORRIS (DEA AGENT), AND
SUSAN C. HOLIMAN (DEA ADMIN.
ATTY.),

                    Defendants.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

        This cause came on for consideration without oral argument on the following motion:

| MOTION: | MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS (Doc. No. 15) |
|---|---|
| FILED: | May 25, 2006 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** under 28 U.S.C. § 1915(a)(3) as the appeal is not taken in good faith.

        Nakia Pettus, a *pro se* prisoner, moves to proceed *in forma pauperis* on his appeal from the

district court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as a frivolous

complaint.  On appeal, Pettus states his issues on appeal are the "district court's erroneous denial of

return of property request."   Docket No. 15 at 1.   For the reasons set forth below, the Court

recommends denial of the motion and certification to the United States Court of Appeals for the Eleventh Circuit that the appeal is not taken in good faith.

I.      **PLAINTIFF'S ALLEGATIONS AND THE DISTRICT COURT'S RULINGS**

      A.      <u>**Plaintiff's Law Suits**</u>

The instant action is Pettus's second law suit for damages and injunctive relief related to the DEA's forfeiture of money more than six years ago.  On March 19, 2004, Pettus filed his first law suit against Orange County Deputy Sheriff Lance Carlson and the Orange County Sheriff's Office.  United States District Court, Middle District of Florida, Case No. 6:04-cv-384-22-JGG ("*Pettus I*").  Pettus amended his complaint on April 16, 2004, to add as defendants DEA Special Agent Lenora Morris and DEA Attorney Susan C. Holiman.

The underlying facts supporting Pettus's claims in *Pettus I* are the same as in the current action.  In summary, Pettus alleges that on February 11, 1999, Carlson seized approximately $26,000 after stopping Pettus for a traffic violation.  Although Pettus was released, the money was not returned. Pettus's attorney contacted the Orange County Sheriff's Office about returning the money.  On March 1, 1999, the Orange County Sheriff's Office informed Pettus's attorney that it had turned the money over to the DEA and that the DEA was pursuing forfeiture of the money.  Pettus claims that he was never served notice that the Orange County Sheriff's Office was turning the monies over to the DEA. He further claims that he never received notice of forfeiture from the DEA, and that the funds were illegally seized and his due process rights violated.  Pettus's attorney filed a petition for remission

and/or mitigation of forfeiture on June 9, 1999.  On September 17, 1999, DEA Attorney Holiman responded to Pettus's attorney by stating that the petition was denied.[1]

In *Pettus I*, the Honorable Anne C. Conway interpreted Plaintiff's allegations of various constitutional violations by the defendants as claims brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *Pettus I*, Docket 10 at 2.  The Court found that the statute of limitations began to run when the DEA informed Plaintiff's counsel on September 17, 1999, that the monies would not be returned.  *Id*., Docket 10 at 4.  The Court further ruled that a four-year statute of limitations applied to the claims and that Plaintiff's complaint filed on February 27, 2004, was untimely.  *Id*.  Judge Conway, therefore, dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  *Id*. at 5.  Plaintiff appealed Judge Conway's ruling and the appeal was dismissed as frivolous.  *Pettus v. Officer Lance Carlson, et al.*, No. 04-15976-H (11th Cir., March 31, 2005).  The United States Court of Appeals for the Eleventh Circuit found that Plaintiff's complaint was clearly barred by the statute of limitations.  *Id*.

In the instant case, Plaintiff again sues Morris and Holiman for their actions related to the forfeiture of the money.  Plaintiff adds as defendants the United States and the DEA.[2]  The Complaint in this case alleges that Defendants' acts violated his constitutional rights, specifically his rights under the Fourth and Fifth Amendments of the United States Constitution.  Complaint, ¶¶ 56, 57.  The

---

[1] The Court assumes that when Pettus states that the response "was being defined," he intended to say "was being denied."  Docket No. 1 at ¶ 39.

[2] Plaintiff's First Cause of Action for "State Officers Illegal Seizure" appears to plead a claim against "officer Carlson and the Orlando Police Department," but they are not named as defendants in this action.  The Fifth and Sixth Causes of Action also refer to Carlson and the Orlando Police Department.

Complaint also asserts claims based on Defendants' lack of jurisdiction, lack of authority and violation of statutory notice provisions related to the forfeiture of the money.  Complaint, ¶¶ 53-55.

> B.    **The District Court's Rulings in This Case**

> 1.    The Magistrate Judge's Recommendation

In response to Pettus's motion to proceed *in forma pauperis*, the magistrate judge screened Pettus's case as required by 28 U.S.C. § 1915, *et seq*.  Docket No. 4.  The magistrate judge found that Pettus's claims against Defendants Morris and Holiman in the instant action were barred by the doctrine of *res judicata*, and that his claims against the United States and the DEA were barred by the statute of limitations.  Docket No. 4, pp. 10-12.  Affirmative defenses such as *res judicata* and expiration of the statute of limitations justify dismissal of a claim as frivolous.  *Patterson v. Aiken*, 628 F. Supp. 1068, 1076 (N.D. Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986); *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989); *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1330, 1332 (D. Ore. 1983), *aff'd in part and rev'd in part,* 745 F.2d 1221 (9th Cir. 1984). Because Pettus's complaint was frivolous, the magistrate judge recommended dismissal of the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Docket No. 4, at1, 12; Docket No. 5.

> a.    *Res Judicata* as to Defendants Morris and Holiman

*Res judicata* attaches when the same cause of action is litigated between the same parties in consecutive cases.  *Christo v. Padgett,* 223 F.3d 1324, 1338 n. 46(11th Cir.  2000).  Under the rules of *res judicata*, when a plaintiff obtains a judgment, the effect of the judgment extends to the litigation of all issues relevant to the same claim between the same parties.  *Id*.  *Res judicata* acts as a bar not

-4-

only to the precise legal theory presented in the previous litigation, but to all legal theories and claims that could have been asserted based on the "same operative nucleus of fact." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998). *See also, Hart v. Yamaha-Parts Distrib., Inc.,* 787 F.2d 1468, 1470-71 (11th Cir. 1986) (claim preclusion cannot be avoided by asserting a different theory in the subsequent case when the two cases were based on the same motorcycle accident). The court, therefore, must examine the factual issues to be resolved in the second suit and compare them with the facts asserted in the first case. *Pleming*, 142 F.3d at 1357.

The magistrate judge determined that Defendants Morris and Holiman were the same defendants as in *Pettus I*, and that a judgment on the merits had been entered. Therefore, Pettus could not relitigate those claims in the instant case. Further, to the extent Pettus added statutory and regulatory claims not previously pleaded in *Pettus I*, those claims were based on the same underlying facts. Because *res judicata* bars not only the legal theory presented in the previous litigation, but also additional legal theories and claims that arise from the same operative nucleus of fact, the Court found that Pettus was barred from raising new legal theories in pursuit of his claims against Morris and Holiman.

b.    Expiration of the Statute of Limitations

The magistrate judge found that Pettus's claims against the United States and the DEA were time barred. Actions seeking to correct a procedurally deficient forfeiture are "subject to the general six-year statute of limitations for suits brought against the United States found in 28 U.S.C. § 2401." *Boero v. DEA*, 111 F.3d 301, 305 n.5 (2d Cir. 1997). Section 2401 provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action *first accrues*." 28 U.S.C. § 2401 (a) (emphasis added). The United States

Court of Appeals for the Second Circuit has held that a claimant's cause of action *accrues* when he discovers that his property has been forfeited without sufficient notice. *Polanco v. DEA*, 158 F.3d 647, 654 (2d Cir. 1998).

Pettus's attorney knew as of September 17, 1999, that the DEA refused to return his money. A party is deemed bound by the acts of his lawyer, and is considered to have notice of all facts known by his attorney. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962). The magistrate judge, therefore, determined that the statute of limitations on Pettus's other claims began to run on September 17, 1999. As Pettus filed the instant action on December 22, 2005, more than six years had passed since the DEA refused to return his money. The magistrate judge concluded that the case was filed after the expiration of the statute of limitations and was time-barred.

2. **The District Judge's Adoption of the Magistrate Judge's Recommendation**

Pettus objected to the magistrate judge's report and recommendation. Docket No. 8. Pettus argued that the magistrate judge had misinterpreted his complaint and his complaint was a request for review under the Administrative Procedures Act ("APA"), and not a "civil action." Docket No. 8, p. 2. Pettus then argued that a judicial forum under the APA could be held at any time. Docket No. 8, p. 3.

On March 7, 2006, the Honorable Patricia C. Fawsett overruled Pettus's objections and affirmed and adopted the magistrate judge's Report and Recommendation. Docket No. 9, p.6. Specifically, Judge Fawsett ruled that, assuming Pettus was raising a claim under the APA, the doctrine of *res judicata* still barred Pettus's claims against Defendants Morris and Holiman. Docket No. 9, p. 4. Judge Fawsett found that all elements for *res judicata* were present. Namely, the district court's ruling in *Pettus I* was a final judgment on the merits by a court of competent jurisdiction, the

parties were the same, and the claim in the instant case arose from the same nucleus of operative facts as stated in *Pettus I*. Docket No. 9, pp. 4-5.

Judge Fawsett also concurred that, in the absence of a specific statutory limitations period, a civil action against the United States is subject to the six year limitations period found in 28 U.S.C. § 2401(a). *Boero v. DEA*, 111 F.3d 301, 305 n.5 (2d Cir. 1997). Section 2401(a) provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action *first accrues*." 28 U.S.C. § 2401 (a) (emphasis added). The United States Court of Appeals for the Second Circuit has held that a claimant's cause of action accrues when he discovers that his property has been forfeited without sufficient notice. *Polanco v. DEA*, 158 F.3d 647, 654 (2d Cir. 1998). Docket No. 9, p. 5.

Judge Fawsett found that Pettus was aware on September 17, 1999, that the DEA refused to return his money. Docket No. 9, p. 5. She therefore ruled that the statute of limitations began to run on that date, and that *Pettus II*, filed on December 22, 2005, was time barred as it was filed more than six years after the APA claim accrued. Docket No. 9, p. 6.

Pettus filed a motion for reconsideration on March 30, 2006, pursuant to Fed. R. Civ. P. 59(e) and 60(b). Docket No. 10 at 1-2. Pettus first argues that *Pettus I* was erroneously dismissed by the district court and the court of appeals. Docket No. 10, p. 2. He then argues that because *Pettus I* was erroneously dismissed, the timeliness of his action should be measured from the filing date in *Pettus I*. Docket No. 10 at 2-3. Pettus also disputes that the decision in *Pettus I* was a decision on the merits, because the court did not adjudicate all of his claims. Docket No. 10 at 3-4. Pettus contends the outcome in *Pettus I* worked a manifest injustice and, therefore, the Court should now adjudicate his claims. Docket No. 10 at 4-5.

As to the statute of limitations, Pettus argued in his motion for reconsideration that the Court erred in applying the six year statute of limitations to a claim under the APA.  Docket No. 10 at 6. Pettus also contests that he had knowledge of the DEA's refusal to return the money on September 17, 1999.  *Id*. at 6-7.  Pettus also argues that the Defendants' actions were wrongful.  Docket No. 10 at 8-11.

Judge Fawsett denied Pettus's motion for reconsideration on April 10, 2006, without explanation.  Docket No. 11.

## II.   STANDARD OF REVIEW ON APPEAL

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.  28 U.S.C. § 1915(a)(3);   *In re Arnold*, 166 Fed. Appx. 424, 2006 WL 197333(11th Cir. Jan. 26, 2006).  Whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983) (citation omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Appeal from a final judgment brings up for review all preceding non-final orders.  *Kirkland v. Nat'l Mortgage Network, Inc.*, 884 F.2d 1367, 1370 (11th Cir.1989).

The Court of Appeals reviews a district court's *sua sponte* dismissal of a claim as frivolous under 28 U.S.C. § 1915 for abuse of discretion.  *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir.2002); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.2001).[3]  Similarly, review of the denial of motions for reconsideration brought pursuant to Fed. R. Civ. P. 59(e) or 60(b) also are reviewed for abuse of discretion.  *Lambert v. Fulton County, Ga.*, 253 F.3d 588, 598 (11th

---

[3]   For purposes of § 1915(e)(2)(B)(i), an action is frivolous if it is "without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349.

Cir. 2001) (denial of a Rule 59(e) motion is reviewed only for abuse of discretion); *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir.2001) (denial of Rule 60(b) relief is reviewed for an abuse of discretion); *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir.1999) (an appeal of the denial of a Rule 60(b) motion is limited to a determination of whether the district court abused its discretion in denying the motion, and does not extend to the validity of the underlying judgment).  A district court abuses its discretion if it fails to apply the proper legal standard or has made a clear error of judgment.  *See SunAmerica Corp. v. Sun Life Assurance Co. of Canada,* 77 F.3d 1325, 1333 (11th Cir.1996).  Further, the district court's judgment may be affirmed on any ground that finds support in the record, even if it is on a ground other than that upon which it based its decision.  *See U.S. v. Simmons*, 368 F.3d 1335, 1342 (11th Cir. 2004).

III.  **ANALYSIS**

As set forth above, the Court applied well recognized legal standards in dismissing Pettus's action as frivolous, and there was no error of judgment.  The appeal, therefore, is not in good faith.  Nor is there a basis for appeal based on the Court's denial of Pettus's motion for reconsideration.  Although the Court did not explain the basis for its ruling, the ruling may be upheld on any ground that finds support in the record.  As set forth below, the Court's ruling was well-founded, and the appeal involves no legal points arguable on their merits.

A.  **Pettus's Rule 59(e) Motion Was Untimely**

Pettus's motion for reconsideration was based in part on Fed. R. Civ. P. 59(e).  Rule 59(e) addresses motions to alter or amend judgment, and must be filed within ten days after "entry of judgment."  The Court did not enter a separate document setting forth the judgment pursuant to Fed.

R. Civ. P. 58.[4]  The requirement of a separate document is a technical requirement, the "sole purpose"

of which is to clarify when the time for appeal begins to run.  *Bankers Trust Co. v. Mallis*, 435 U.S.

381, 384(1978) (per curiam).

Because this issue involves the timeliness of Pettus' Rule 59(e) motion and not the timeliness

of his appeal, the absence of a separate judgment is irrelevant.  Therefore, Pettus had ten days from

the entry of the Court's order affirming and adopting the Report and Recommendation to file his Rule

59(e) motion.  *See, Clough v. Rush*, 959 F.2d 182, 184 n.2, 185-86 (10th Cir. 1992) (the ten day period

to file a Rule 59(e) motion begins to run on the date the order was entered even though there was no

separate document entering judgment).

Even if a separate document is required, the requirement is a technical one that may be waived

by the parties.  *See, Wright v. Preferred Research, Inc.*, 937 F.2d 1556, 1559 (11th Cir. 1991).  Where

the parties proceed on the mistaken assumption that an order is final when no separate document was

ever filed, a waiver occurs and the ten day filing period for a Rule 59(e) motion is measured from the

date the order was entered.  *See, Lee v. Suther,* 1 Fed. Appx. 770, 771, 2001 WL 10244 at *1(10th Cir.

Jan.4 2001) (separate document requirement was waived where court intended its order dismissing

prisoner's claims are its final decision, and prisoner filed an untimely Rule 59(e) motion); *Saldano*

*v. U.S. Postal Service*, 968 F.2d 1221, 1992 WL 158180 at *1 (9th Cir. July 9, 1992) (appellant's

motion for reconsideration under Rule 59(e) was untimely when it was not served within ten days of

ths district court's order of dismissal).

---

[4] Fed. R. Civ. P. 58(a) requires that every judgment, except in circumstances not applicable here, must be set forth on a separate document.  Unless the court orders otherwise, Rule 58 further requires the Clerk to "promptly" prepare and enter judgment when the court denies all relief in an action.  Fed. R. Civ. P. 58(a)(2).

In this case, Judge Fawsett's order affirming and adopting the Report and Recommendation was a final order.  The magistrate judge expressly recommended dismissal of Pettus's case with prejudice.  By adopting the recommendation, Judge Fawsett denied  all of Pettus's claims for relief.  By basing his motion in part upon Rule 59(e) and not requesting entry of a separate document, Pettus recognized the order as a final judgment and waived any argument based upon the Court's failure to issue a separate document.

The timeliness of Pettus' Rule 59(e) motion is measured from the date Judge Fawsett's order was entered, which was March 7, 2006.  Pettus's deadline to file a Rule 59(e) motion, therefore, fell on March 21, 2006.  Even if the Court were to apply the prison mailbox rule[5] and to assume that Pettus' motion for reconsideration was delivered to prison officials on the date he signed his motion, the motion is still untimely.  *See, Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes prisoner's motion was delivered to prison authorities on the date it was signed); *Beck v. Bowersox*, 362 F.3d 1095, 1098 n.2 (8th Cir. 2004) (applying prison mailbox rule to Rule 59(e) motion); *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir.1998) (applying prison mailbox rule to Rule 59(e) motion).  Pettus signed his motion for reconsideration on March 27, 2006, which was past the ten-day deadline.  Docket No. 10 at 12.

Because Pettus missed the filing deadline for a Rule 59(e) motion, the Court lacked jurisdiction to consider that motion.  *See, Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1129 (11th Cir.1994) (holding that the district court lacked subject matter jurisdiction over a motion to alter or

---

[5] The mailbox rule, as enunciated by the Supreme Court in *Houston v.. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988), holds that prisoners who do not have a lawyer are deemed to file a notice of appeal from an adverse judgment when they deliver the notice to the prison authorities.

amend judgment filed more than ten days after entry of the final judgment in violation of the time

limitation of Rule 59(e)).  To the extent Pettus's motion was based on Rule 59(e), there was no abuse

of discretion in denying the motion.  The Court lacked jurisdiction to hear that motion.

B.     **The Court Did Not Abuse its Discretion in Denying Pettus's Rule 60(b) Motion**

Pettus's motion for reconsideration also was based on Rule 60(b), which was timely filed.  *See,*

*Rice v. Ford Motor Co.*, 88 F.3d 914, 918 (11th Cir.1996) (filing Rule 60(b)(6) motion within 30 days

of dismissal was not "unreasonable").  Pettus, however, does not specify the provision of Rule 60(b)

on which he relies.[6]  Pettus argues that the Court erroneously found his complaint to be frivolous and

erroneously applied the statute of limitations resulting in manifest injustice.  The Court interpreted his

motion as being made pursuant to Rule 60(b)(1) and (b)(6).  *See, id.* (construing Rule 60(b) motion

as arising under (b)(6) where movant failed to specify grounds for relief under Rule 60(b)).

Rule 60(b)(1) is designed "to permit the district court to reconsider and correct its own errors,

particularly if they are of an obvious nature amounting to little more than clerical errors."  *Id*. at 918

n.7 (citation omitted).  It is improper, however, to use a Rule 60(b) motion to challenge mistakes of

law that are properly raised on direct appeal.  *Am. Bankers Ins. Co.*, 198 F.3d at 1338; *See Gary W.*

*v. State of La.*, 622 F.2d 804, 805 (5th Cir.1980) (stating that proper way to raise issue of district

court's allegedly improper application of the law was by appeal of district court's underlying ruling,

---

[6] Rule 60(b) allows a district court to grant relief from a final judgment for these reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud[,] . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

-12-

not by appeal of denial of Rule 60(b) motion).  Pettus does not argue that the Court made clerical

error, but made errors of law.  Pettus' motion, therefore, does not properly arise under Rule 60(b)(1).

Relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a

showing of exceptional circumstances." *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th

Cir. 2001) (citation omitted).  In addition, Rules 60(b)(1) and (b)(6) are mutually exclusive and "a

court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)."

*Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir.1986).

Pettus presents no argument as to what exceptional circumstances warrant relief under 60(b)(6).  His

meritless arguments relating to mistake or error have been addressed above.  Therefore, the Court's

denial of Pettus's Rule 60(b) motion was not an abuse of discretion.

**IT IS THEREFORE RECOMMENDED THAT:**

1.      The Motion for Leave to Appeal In Forma Pauperis be **DENIED**;

2.      The Court certify to the Eleventh Circuit that Plaintiff's appeal is without merit.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

Recommended in Orlando, Florida on June 14, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett
Counsel of Record
Unrepresented Party

-13-